# Reference Request Sheet

**ARCIS** Archives and Records Centers Information System

| | |
|---|---|
| **Reference Request #:** | ARR1-1790354961 |



| | |
|---|---|
| **Request Category :** | General Reference |
| **Transfer #:** | PT-021-2011-0530 |
| **Container #:** | 9 14 |
| **Asset #:** | AAC1-352586751 |
| **Asset Location :** | CHI-01-0A-065-1-011-02-002 3 6 |
| **Case/File Information :** | 98-CR-104 USA V PEDRO MARTINEZ (#14) |
| **Whole Container:** | N    **Public Request :** N |
| **Creation Date :** | 03/23/2016 |
| **Charge Code :** | TG |
| **Requested By :** | LISA FORSETH |
| | U.S. Courts |

**Assigned To :**
**Batch #:** AS6084-1

**Ship To :**
LISA FORSETH
US DISTRICT COURT  517 E. WISCONSIN AVE. RM.
MILWAUKEE WI 53202

| | |
|---|---|
| **Shipping Method :** | SmartScan |
| **Shipping Acc #:** | N/A |
| **Nature of Service :** | SmartScan |
| **Service Level :** | Standard |
| **Source :** | Portal |
| **Email :** | lisa_forseth@wied.uscourts.gov |

**Agency Comments :**

Jury Instructions filed on 12-4-00 Document #1889

03/24/2016 06:25:55

 AS6084-1    CHI-01-0A-065-1-011-02-002

**Transfer#:**PT-021-2011-0530  **Box:**9  **CC:**TG

ARR1-1790354961    **Asset#:** AAC1-352586751    **Whole Container:** N

**C/F:**98-CR-104 USA V PEDRO MARTINEZ (#14)    **Created:** 03/23/2016

General Reference    SmartScan

Standard    SmartScan    N/A
**TO:**  LISA FORSETH
US DISTRICT COURT  517 E. WISCONSIN AVE. RM. 362
MILWAUKEE WI 53202
**P:** (414)297-1209  **F:** (414)297-3253

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 1 of 160   Document 1889

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST DIST. WISC.
FILED

DEC 4 2000

AT _____ O'CLOCK ____ M
SOFRON B. NEDILSKY

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ANDREW ACOSTA,
PEDRO MARTINEZ,
ANTONIO MENDEZ,
LARRY OLSON, AND
WILFREDO VASQUEZ,

        Defendants.

Case No. 98-CR-104

# 06 - 3777

Being Retained from cases
01 - 1772 & 01 - 1891

## DC # 98 CR 104

## JURY INSTRUCTIONS

U.S.C.A. – 7th Circuit
FILED
APR 1 9 2005 JC.
GINO J. AGNELLO
CLERK



01 – 1772 – L07

AO 72A
(Rev.8/82)

# TABLE OF CONTENTS

**COURT'S INSTRUCTION NO. 1**
      **FUNCTIONS OF THE COURT AND JURY** . . . . . . . . . . . . . . . . . . . . . . . . . 1

**I. <u>EVIDENTIARY CONSIDERATIONS</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      COURT'S INSTRUCTION NO. 2
            THE EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      COURT'S INSTRUCTION NO. 3
            WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      COURT'S INSTRUCTION NO. 4
            WEIGHING THE EVIDENCE--INFERENCES . . . . . . . . . . . . . . . . . . 3
      COURT'S INSTRUCTION NO. 5
            DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE . . . 3
      COURT'S INSTRUCTION NO. 6
            TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE) . . . . . 4
      COURT'S INSTRUCTION NO. 7
            DEFENDANT NOT TESTIFYING . . . . . . . . . . . . . . . . . . . . . . . . . 5
      COURT'S INSTRUCTION NO. 8
            DEFENDANT'S POST-ARREST STATEMENT . . . . . . . . . . . . . . . . . 5
      COURT'S INSTRUCTION NO. 9
            PROOF OF OTHER CRIMES OR ACTS . . . . . . . . . . . . . . . . . . . . . 5
      COURT'S INSTRUCTION NO. 10
            DEFENDANT'S PRIOR CONVICTIONS . . . . . . . . . . . . . . . . . . . . . . 6
      COURT'S INSTRUCTION NO. 11
            WEIGHING EXPERT TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . 7
      COURT'S INSTRUCTION NO. 12
            CIRCUMSTANCES OF IDENTIFICATION . . . . . . . . . . . . . . . . . . . . 8
      COURT'S INSTRUCTION NO. 13
            PRIOR INCONSISTENT STATEMENTS - WITNESSES . . . . . . . . . . . 8
      COURT'S INSTRUCTION NO. 14
            IMPEACHMENT OF WITNESS - CONVICTIONS . . . . . . . . . . . . . . . 9
      COURT'S INSTRUCTION NO. 15
            WITNESSES REQUIRING SPECIAL CAUTION . . . . . . . . . . . . . . . . 9
      COURT'S INSTRUCTION NO. 16
            NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      COURT'S INSTRUCTION NO. 17
            ATTORNEY INTERVIEWING WITNESS . . . . . . . . . . . . . . . . . . . . 10
      COURT'S INSTRUCTION NO. 18
            RECORDINGS / TRANSCRIPTS OF RECORDINGS . . . . . . . . . . . . 11

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 3 of 160   Document 1889

AO 72A
(Rev.8/82)

II. **CHARGES AND THE BURDEN OF PROOF** . . . . . . . . . . . . . . . . . . . . . . . 12
    COURT'S INSTRUCTION NO. 19
        THE CHARGE - THE INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . 12
    COURT'S INSTRUCTION NO. 20
        PRESUMPTION OF INNOCENCE - BURDEN OF PROOF . . . . . . . . . 13

**COUNT ONE**: **INSTRUCTIONS 21 TO 62** . . . . . . . . . . . . . . . . . . . 14
    COURT'S INSTRUCTION NO. 21
        18 U.S.C. § 1962(c)
        (SUBSTANTIVE RACKETEERING – ELEMENTS) . . . . . . . . . 14
    COURT'S INSTRUCTION NO. 22
        18 U.S.C. § 1961(4)
        (ENTERPRISE - ASSOCIATION IN FACT) . . . . . . . . . . . . . . 15
    COURT'S INSTRUCTION NO. 23
        18 U.S.C. § 1962(c&d)
        (ASSOCIATE - DEFINITION) . . . . . . . . . . . . . . . . . . . . . . . 16
    COURT'S INSTRUCTION NO. 24
        MERE ASSOCIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    COURT'S INSTRUCTION NO. 25
        18 U.S.C. § 1962(c)
        (CONDUCT - DEFINITION) . . . . . . . . . . . . . . . . . . . . . . . 17
    COURT'S INSTRUCTION NO. 26
        18 U.S.C. § 1962(c)
        (PATTERN REQUIREMENT--SUBSTANTIVE RACKETEERING)
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    COURT'S INSTRUCTION NO. 27
        18 U.S.C. § 1962
        (INTERSTATE COMMERCE - DEFINITION) . . . . . . . . . . . . . 19
    COURT'S INSTRUCTION NO. 28
        18 U.S.C. § 1962(c)
        (SUBPARTS OF RACKETEERING ACTS) . . . . . . . . . . . . . . 20

    **INSTRUCTIONS ON INDIVIDUAL PREDICATE ACTS** . . . . . . . . . 21
        COURT'S INSTRUCTION NO. 29
            Predicate Act/Racketeering Act #4 . . . . . . . . . . . . . 21
        COURT'S INSTRUCTION NO. 30
            Predicate Act/Racketeering Act #6(a) . . . . . . . . . . . 25
        COURT'S INSTRUCTION NO. 31
            Predicate Act/Racketeering Act #6(b) . . . . . . . . . . . 27
        COURT'S INSTRUCTION NO. 32
            Predicate Act/Racketeering Act #8(a) . . . . . . . . . . . 31
        COURT'S INSTRUCTION NO. 33
            Predicate Act/Racketeering Act #8(b) . . . . . . . . . . . 33
        COURT'S INSTRUCTION NO. 34

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 4 of 160   Document 1889

AO 72A
(Rev.8/82)

Predicate Act/Racketeering Act #8(c) . . . . . . . . . . .  37
COURT'S INSTRUCTION NO. 35
        Predicate Act/Racketeering Act #15 . . . . . . . . . . . .  42
COURT'S INSTRUCTION NO. 36
        Predicate Act/Racketeering Act #16(a) . . . . . . . . . .  46
COURT'S INSTRUCTION NO. 37
        Predicate Act/Racketeering Act #16(b) . . . . . . . . . .  48
COURT'S INSTRUCTION NO. 38
        Predicate Act/Racketeering Act #18(a) . . . . . . . . . .  52
COURT'S INSTRUCTION NO. 39
        Predicate Act/Racketeering Act #18(b) . . . . . . . . . .  54
COURT'S INSTRUCTION NO. 40
        Predicate Act/Racketeering Act #23 . . . . . . . . . . . .  58
COURT'S INSTRUCTION NO. 41
        Predicate Act/Racketeering Act #24(a) . . . . . . . . . .  61
COURT'S INSTRUCTION NO. 42
        Predicate Act/Racketeering Act #24(b) . . . . . . . . . .  63
COURT'S INSTRUCTION NO. 43
        Predicate Act/Racketeering Act #26(a) . . . . . . . . . .  67
COURT'S INSTRUCTION NO. 44
        Predicate Act/Racketeering Act #26(b) . . . . . . . . . .  69
COURT'S INSTRUCTION NO. 45
        Predicate Act/Racketeering Act #30 . . . . . . . . . . . .  73
COURT'S INSTRUCTION NO. 46
        Predicate Act/Racketeering Act #33 . . . . . . . . . . . .  75
COURT'S INSTRUCTION NO. 47
        Predicate Act/Racketeering Act #38(a) . . . . . . . . . .  76
COURT'S INSTRUCTION NO. 48
        Predicate Act/Racketeering Act #38(b) . . . . . . . . . .  78
COURT'S INSTRUCTION NO. 49
        Predicate Act/Racketeering Act #39(a) . . . . . . . . . .  82
COURT'S INSTRUCTION NO. 50
        Predicate Act/Racketeering Act #39(b) . . . . . . . . . .  84
COURT'S INSTRUCTION NO. 51
        Predicate Act/Racketeering Act #43(a) . . . . . . . . . .  88
COURT'S INSTRUCTION NO. 52
        Predicate Act/Racketeering Act #43(b) . . . . . . . . . .  90
COURT'S INSTRUCTION NO. 53
        Predicate Act/Racketeering Act #43(c) . . . . . . . . . .  94
COURT'S INSTRUCTION NO. 54
        Predicate Act/Racketeering Act #45(a) . . . . . . . . . .  98
COURT'S INSTRUCTION NO. 55
        Predicate Act/Racketeering Act #45(b) . . . . . . . . .  101
COURT'S INSTRUCTION NO. 56
        Predicate Act/Racketeering Act #48(a) . . . . . . . . .  104

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 5 of 160   Document 1889

AO 72A
(Rev.8/82)

COURT'S INSTRUCTION NO. 57
    Predicate Act/Racketeering Act #48(b) . . . . . . . . . .  108
COURT'S INSTRUCTION NO. 58
    Predicate Act/Racketeering Act #59 . . . . . . . . . . . .  110
COURT'S INSTRUCTION NO. 59
    Predicate Act/Racketeering Act #61 . . . . . . . . . . . .  111
COURT'S INSTRUCTION NO. 60
    Predicate Act/Racketeering Act #63 . . . . . . . . . . . .  115
COURT'S INSTRUCTION NO. 61
    Predicate Act/Racketeering Act #67(a) . . . . . . . . . .  119
COURT'S INSTRUCTION NO. 62
    Predicate Act/Racketeering Act #67(b) . . . . . . . . . .  121

**COUNT TWO**: INSTRUCTIONS 63 TO 69 . . . . . . . . . . . . . . . .  123
COURT'S INSTRUCTION NO. 63
    18 U.S.C. § 1962(d)
    (RACKETEERING CONSPIRACY - ELEMENTS) . . . . . . . . .  123
COURT'S INSTRUCTION NO. 64
    CONSPIRACY TO CONDUCT OR PARTICIPATE IN THE CONDUCT
    OF THE AFFAIRS OF AN ENTERPRISE . . . . . . . . . . . . . .  124
COURT'S INSTRUCTION NO. 65
    MERE ASSOCIATION . . . . . . . . . . . . . . . . . . . . . . . . .  125
COURT'S INSTRUCTION NO. 66
    18 U.S.C. § 1962(d)
    (PATTERN REQUIREMENT - RACKETEERING CONSPIRACY)
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  126
COURT'S INSTRUCTION NO. 67
    18 U.S.C. § 1961(4)
    (ENTERPRISE - ASSOCIATION IN FACT) . . . . . . . . . . . . .  127
COURT'S INSTRUCTION NO. 68
    18 U.S.C. § 1962(c&d)
    (ASSOCIATE - DEFINITION) . . . . . . . . . . . . . . . . . . . . .  128
COURT'S INSTRUCTION NO. 69
    18 U.S.C. § 1962
    (INTERSTATE COMMERCE - DEFINITION) . . . . . . . . . . . .  128

**COUNT THREE**: INSTRUCTIONS 70 TO 74 . . . . . . . . . . . . . . .  130
COURT'S INSTRUCTION NO. 70 . . . . . . . . . . . . . . . . . . . . . . .  130
    COURT'S INSTRUCTION NO. 71
        DRUG CONSPIRACY . . . . . . . . . . . . . . . . . . . . . .  131
    COURT'S INSTRUCTION NO. 72
        BUYER-SELLER RELATIONSHIP . . . . . . . . . . . . . . .  133
COURT'S INSTRUCTION NO. 73
    MERE ASSOCIATION . . . . . . . . . . . . . . . . . . . . . . . . .  134
COURT'S INSTRUCTION NO. 74

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 6 of 160   Document 1889

AO 72A
(Rev.8/82)

21 U.S.C. § 841(a)(1)
(DISTRIBUTION OF A CONTROLLED SUBSTANCE--ELEMENTS)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 135

**COUNT FOUR** — COURT'S INSTRUCTION NO. 75 . . . . . . . . . . . 136

**COUNT EIGHT** — COURT'S INSTRUCTION NO. 76 . . . . . . . . . . . 140

**COUNT TEN** — COURT'S INSTRUCTION NO. 77 . . . . . . . . . . . . 142

COURT'S INSTRUCTION NO. 78
"KNOWINGLY" - DEFINITION . . . . . . . . . . . . . . . . . . . . . . . . 143
COURT'S INSTRUCTION NO. 79
DATE OF CRIME CHARGED . . . . . . . . . . . . . . . . . . . . . . . . . 143
COURT'S INSTRUCTION NO. 80
PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 143
COURT'S INSTRUCTION NO. 81
SEPARATE CONSIDERATION FOR EACH DEFENDANT . . . . . . . . 144
COURT'S INSTRUCTION NO. 82
THEORY OF DEFENSE WITH RESPECT TO COUNT ONE . . . . . . . 144
COURT'S INSTRUCTION NO. 83
THEORY OF DEFENSE – PREDICATE ACT/RACKETEERING ACT #61,
COUNT TWO, AND COUNT THREE – MULTIPLE CONSPIRACIES
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 146
COURT'S INSTRUCTION NO. 84
THEORY OF DEFENSE WITH RESPECT TO COUNTS ONE, TWO AND
FOUR – ENTERPRISE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 148
COURT'S INSTRUCTION NO. 85
THEORY OF DEFENSE WITH RESPECT TO COUNT TWO . . . . . . 148
COURT'S INSTRUCTION NO. 86
THEORY OF DEFENSE WITH RESPECT TO COUNT FOUR . . . . . . 149

III. **PROCEDURE FOR JURY DELIBERATION** . . . . . . . . . . . . . . . . . . . . . . . 150
COURT'S INSTRUCTION NO. 87
SELECTION OF FOREPERSON -- VERDICT FORMS . . . . . . . . . . 150
COURT'S INSTRUCTION NO. 88
DISAGREEMENT AMONG JURORS . . . . . . . . . . . . . . . . . . . . . 151
COURT'S INSTRUCTION NO. 89
COMMUNICATION WITH COURT . . . . . . . . . . . . . . . . . . . . . . 152
COURT'S INSTRUCTION NO. 90
COMMUNICATION WITH OTHERS . . . . . . . . . . . . . . . . . . . . . . 152
COURT'S INSTRUCTION NO. 91
EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 7 of 160   Document 1889

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 1**
**FUNCTIONS OF THE COURT AND JURY**

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law. You will be provided with a written copy of these instructions during your deliberations. As I instruct you on the law, you must listen attentively.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

AO 72A
(Rev.8/82)

# I. EVIDENTIARY CONSIDERATIONS

## COURT'S INSTRUCTION NO. 2

### THE EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## COURT'S INSTRUCTION NO. 3

### WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these

2

AO 72A
(Rev.8/82)

statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## COURT'S INSTRUCTION NO. 4
### WEIGHING THE EVIDENCE--INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

## COURT'S INSTRUCTION NO. 5
### DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case,

3

AO 72A
(Rev.8/82)

including the circumstantial evidence, should be considered by you in reaching your verdict.

## COURT'S INSTRUCTION NO. 6

### TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

4

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 7

### DEFENDANT NOT TESTIFYING

A defendant has an absolute right not to testify. The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

## COURT'S INSTRUCTION NO. 8

### DEFENDANT'S POST-ARREST STATEMENT

You have received evidence of statements said to be made by some of the defendants after their arrests.

You must decide whether the defendant did in fact make a statement. If you find that the defendant did make a statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

You may not consider such a statement as evidence against any defendant other than the one who made it.

## COURT'S INSTRUCTION NO. 9

### PROOF OF OTHER CRIMES OR ACTS

You have heard evidence of acts of the defendants other than those charged in the indictment. You may consider this evidence only on the questions of:

5

AO 72A
(Rev.8/82)

– whether the Almighty Latin King Nation, Milwaukee Chapter was an association in fact (as defined in Instructions 22 and 68);

– whether a defendant was associated with the Almighty Latin King Nation, Milwaukee Chapter (as defined in Instructions 23 and 70); and

– whether any acts that a defendant engaged in formed a pattern of racketeering acts (as defined in Instructions 26 and 67).

You should consider this evidence only for these limited purposes.

### COURT'S INSTRUCTION NO. 10

### DEFENDANT'S PRIOR CONVICTIONS

You have heard evidence that the defendant Antonio Mendez has been convicted of a crime. You may consider this evidence only in deciding whether his testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose. A conviction of another crime is not evidence of the defendant's guilt of any crime for which the defendant is now charged.

You have also heard evidence that the defendant Andrew Acosta has been convicted of the act of knowingly and intentionally possessing 6.7 kilograms of marijuana with intent to distribute on or about February 14, 1996. The government has introduced evidence that defendant Acosta pleaded guilty to, and was convicted of, this offense in Wisconsin state court. You may consider this evidence, along with all other evidence pertaining to whether he committed this act, for the limited purpose

6

AO 72A
(Rev.8/82)

of deciding whether he committed the act of possession with intent to distribute marijuana as alleged in Predicate Act #30. You may not consider his conviction for the purpose of Count Eight or for any other purpose.

### COURT'S INSTRUCTION NO. 11

### WEIGHING EXPERT TESTIMONY

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

7

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 12

### CIRCUMSTANCES OF IDENTIFICATION

You have heard testimony of an identification of a person. Identification testimony is an expression of belief or impression by the witness. You should consider whether, or to what extent, the witness had the ability and the opportunity to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crime or the act charged.

## COURT'S INSTRUCTION NO. 13

### PRIOR INCONSISTENT STATEMENTS - WITNESSES

You have heard evidence that before the trial some witnesses made statements that may be inconsistent with their testimony here in court. Some of these earlier statements were under oath. Other earlier statements were not under oath.

If you find that an earlier statement is inconsistent, and that earlier statement was not made under oath, you may consider it only in deciding the truthfulness and accuracy of that witness's testimony in this trial. You many not use the earlier statement as evidence of the truth of the matters contained in that prior statement.

If you find that an earlier statement is inconsistent, and that earlier statement

8

AO 72A
(Rev.8/82)

was made under oath, you may consider it in deciding the truthfulness and accuracy of that witness's testimony in this trial. You many also consider it as evidence of the truth of the matters contained in that prior statement.

## COURT'S INSTRUCTION NO. 14

### IMPEACHMENT OF WITNESS - CONVICTIONS

You have heard evidence that several witnesses have been convicted of a crime. You may consider this evidence only in deciding whether these witnesses' testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

## COURT'S INSTRUCTION NO. 15

### WITNESSES REQUIRING SPECIAL CAUTION

You have heard testimony from witnesses who have:

(a)     Received immunity; that is, a promise from the government that any testimony or other information they provided would not be used against them in a criminal case;

(b)     Received various benefits from the government in connection with this case;

(c)     Have admitted lying under oath;

(d)     Stated that they were involved in the commission of offenses and/or acts

9

AO 72A
(Rev.8/82)

charged against the defendants; and/or

(e)   Have pleaded guilty to offenses arising out of the same occurrences for which the defendants are now on trial. Their guilty pleas are not to be considered as evidence against the defendants.

You may give testimony from witnesses who fall into the above categories such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

### COURT'S INSTRUCTION NO. 16

### NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

### COURT'S INSTRUCTION NO. 17

### ATTORNEY INTERVIEWING WITNESS

It is proper for an attorney to interview any witness in preparation for trial.

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 18

### RECORDINGS / TRANSCRIPTS OF RECORDINGS

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by government agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

11

## II. CHARGES AND THE BURDEN OF PROOF

### COURT'S INSTRUCTION NO. 19

### THE CHARGE - THE INDICTMENT

The indictment, which in this case is also referred to as a Second Superseding Indictment, is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

You will be provided with copies of the indictment to refer to as you deliberate. There are six counts, One, Two, Three, Four, Eight, and Ten, which I here summarize:

Count One charges all defendants except Larry Olson with the offense of substantive racketeering.

Count Two charges all five defendants with the offense of racketeering conspiracy.

Count Three charges all defendants except defendant Antonio Mendez with the offense of conspiring to engage in drug trafficking.

Count Four charges defendant Antonio Mendez with the offense of committing murder for the purpose of maintaining or increasing his position in the Almighty Latin King Nation, Milwaukee Chapter.

Count Eight charges defendant Andrew Acosta with the offense of drug trafficking.

Count Ten charges defendant Wilfredo Vasquez with the offense of drug

12

AO 72A
(Rev.8/82)

trafficking.

The defendants have pleaded not guilty to the charges.

## COURT'S INSTRUCTION NO. 20

### PRESUMPTION OF INNOCENCE - BURDEN OF PROOF

A defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that a defendant is guilty as charged. The government has the burden of proving the guilt of a defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. A defendant is never required to prove his innocence or to produce any evidence at all.

13

AO 72A
(Rev.8/82)

## **COUNT ONE**: INSTRUCTIONS 21 TO 62

### COURT'S INSTRUCTION NO. 21

### 18 U.S.C. § 1962(c)

### (SUBSTANTIVE RACKETEERING – ELEMENTS)

To prove a defendant guilty of racketeering, as charged in Count 1, the government must prove the following propositions:

First, that the Almighty Latin King Nation, Milwaukee Chapter was an enterprise.

Second, that the defendant was associated with the enterprise.

Third, that the defendant knowingly conducted or participated in the conduct of the affairs of the Almighty Latin King Nation, Milwaukee Chapter through a pattern of racketeering activity as described in Count 1; and

Fourth, that the activities of the Almighty Latin King Nation, Milwaukee Chapter affected interstate commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a defendant, you should find that defendant guilty of Count 1.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty of Count 1.

14

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 22**

**18 U.S.C. § 1961(4)**

**(ENTERPRISE - ASSOCIATION IN FACT)**

The term "enterprise" can include a group of people associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you should consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 23

### 18 U.S.C. § 1962(c&d)

### (ASSOCIATE - DEFINITION)

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout the enterprise's entire existence.

## COURT'S INSTRUCTION NO. 24

### MERE ASSOCIATION

A defendant's association with persons involved in a criminal enterprise is not by itself sufficient to prove his participation or membership in a criminal enterprise.

16

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 25**

**18 U.S.C. § 1962(c)**

**(CONDUCT - DEFINITION)**

A person "conducts or participates in the conduct of the affairs of an enterprise" if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so.

To participate, directly or indirectly, in the conduct of an enterprise's affairs, a person must have some part in directing those affairs. An enterprise is "operated" not just by upper management but also by lower rung participants in the enterprise who are under the direction of upper management.

In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all the activity alleged in Count One.

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 26**

**18 U.S.C. § 1962(c)**

**(PATTERN REQUIREMENT--SUBSTANTIVE RACKETEERING)**

In order to find a "pattern of racketeering activity" for purposes of Count 1, you must find beyond a reasonable doubt that the defendant committed or caused another person to commit at least two predicate racketeering acts described in Count 1, and that those predicate acts were in some way related to each other and that there was continuity between them. Although a pattern of racketeering activity must consist of two or more predicate acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Predicate acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way.

There is continuity between predicate acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

The government need not prove that all the predicate acts described in Count 1 were committed, but you must unanimously agree as to which two or more racketeering acts the defendant committed or caused to be committed in order to find the defendant guilty of that count.

18

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 27**

**18 U.S.C. § 1962**

**(INTERSTATE COMMERCE - DEFINITION)**

Interstate commerce includes the movement of money, goods, services or persons from one state to another or between another country and the United States. This would include the purchase or sale of goods or supplies from outside the state in which the enterprise was located. If you find that beyond a reasonable doubt that the actions of the Almighty Latin King Nation, Milwaukee Chapter affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the Almighty Latin King Nation, Milwaukee Chapter as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

19

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 28**

**18 U.S.C. § 1962(c)**

**(SUBPARTS OF RACKETEERING ACTS)**

Each of the predicate racketeering acts described in Count 1 is numbered and some consist of multiple offenses set out in separate, lettered sub-paragraphs (a), (b), and sometimes (c). To prove that a defendant committed a particular predicate "racketeering act" that is made up of multiple offenses, it is sufficient if the government proves beyond a reasonable doubt that the defendant committed at least one of the offenses identified in the sub-paragraphs of that racketeering act. However, you must unanimously agree upon which of the different offenses alleged within a racketeering act the defendant committed.

20

AO 72A
(Rev.8/82)

# INSTRUCTIONS ON INDIVIDUAL PREDICATE ACTS

## COURT'S INSTRUCTION NO. 29

### Predicate Act/Racketeering Act #4

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although that person did not directly commit it.

Predicate Act/Racketeering Act #4 accuses defendant Antonio Mendez of being concerned in the commission of the crime of first degree intentional homicide of Jenna Gonzales by either directly committing it or by intentionally aiding and abetting the person who directly committed it. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet first degree intentional homicide, a defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

21

AO 72A
(Rev.8/82)

However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed first degree intentional homicide either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of first degree intentional homicide or that the defendant intentionally aided and abetted the commission of that crime.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements of first degree intentional homicide were present.

The first element of this offense requires that the defendant or others caused the death of Jenna Gonzales.

Second, that the defendant or others intended to kill Jenna Gonzales.

The first element requires that the relation of cause and effect existed between the death of Jenna Gonzales and the act of the defendant or others. Before the relation of cause and effect can be found to exist, it must appear that the defendant's or others' act was a substantial factor in producing the death.

The second element requires that the defendant or others acted with the intent to kill Jenna Gonzales. Under the Criminal Code, the phrase "intent to kill" means that

22

AO 72A
(Rev.8/82)

the defendant had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant or others acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant or others committed first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant or others committed first degree intentional homicide unless you are satisfied beyond a reasonable doubt that the defendant or others intended to kill.

23

AO 72A
(Rev.8/82)

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit first degree intentional homicide.

24

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 30**

**Predicate Act/Racketeering Act #6(a)**

The offense of solicitation, as defined in § 939.30 of the Criminal Code of Wisconsin, is committed by one who, with intent that a felony be committed, advises another to commit that crime under circumstances that indicate unequivocally that he or she has that intent.

Predicate Act/Racketeering Act #6(a) accuses defendant Antonio Mendez with advising that the crime of arson be committed. Arson is a felony.

Before you may find the defendant committed the crime of solicitation, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant intended that the crime of arson be committed.

Second, that the defendant advised another person to commit the crime of arson and did so under circumstances that indicate, unequivocally, that the defendant intended that arson be committed.

The first element of the crime of solicitation requires that the defendant intended that the crime of arson be committed.

The crime of arson is commited by one who, by means of fire, intentionally damages any building of another without consent. There are five elements to the crime of arson. First, that a person damaged a building by means of fire. Second, that the person did so intentionally. Third, that the building belonged to another person.

25

AO 72A
(Rev.8/82)

Fourth, that the person damaged such building without the owner's consent. Fifth, that the person knew that the building belonged to another person and knew that the other person did not consent to the damage of the building.

The second element of the crime of solicitation requires that the defendant advised another person, by the use of words or other expressions, to commit the crime of arson and did so under circumstances that indicated, unequivocally, that the defendant intended that arson be committed.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant's acts.

If you are satisfied beyond a reasonable doubt that the defendant, with intent that the crime of arson be committed, advised another person to commit that crime under circumstances that indicate, unequivocally, that he had such intent, you should find the defendant committed the act of solicitation.

If you are not so satisfied, you must find the defendant did not commit the act of solicitation.

26

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 31**

**Predicate Act/Racketeering Act #6(b)**

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #6(b) accuses defendant Antonio Mendez with being concerned in the commission of the crime of attempted arson of the Watson home, by either directly committing it or by intentionally aiding and abetting the person who directly committed it. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted arson, the defendant must know that another person is committing or intends to commit the crime of arson and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist the commission of a crime.

27

AO 72A
(Rev.8/82)

Before you may find the defendant committed attempted arson either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted arson or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted arson, as defined in § 939.32 and § 943.02(1)(a)of the Criminal Code of Wisconsin, is committed by one who, with intent to commit arson, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that another person or persons intended to commit the crime of arson.

The second element of this offense requires that the other person or persons did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have committed the crime of arson except for the intervention of another person or some other extraneous factor.

The first element requires that the other person or persons intended to commit the crime of arson.

The crime of arson is committed by one who, by means of fire, intentionally

28

AO 72A
(Rev.8/82)

damages any building of another without consent. There are five elements to the crime of arson. First, that a person damaged a building by means of fire. Second, that the person did so intentionally. Third, that the building belonged to another person. Fourth, that the person damaged such building without the owner's consent. Fifth, that the person knew that the building belonged to another person and knew that the other person did not consent to the damage of the building.

The act charged in this Predicate Act/Racketeering Act, however, is not arson, as defined, but an attempt to commit the crime of arson.

The second element of attempted arson requires that the other person or persons did acts toward the commission of the crime of arson which demonstrate unequivocally, under all of the circumstances, that he intended to and would have committed the crime of arson, except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the other person or persons' acts, under the circumstances.

"Another person" means anyone but the other person or persons and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the other person or persons or outside of his control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted arson as that crime has been defined, or that he intentionally

29

AO 72A
(Rev.8/82)

aided and abetted the commission of that crime, you should find the defendant committed attempted arson.

If you are not so satisfied, you must find the defendant did not commit attempted arson.

30

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 32**

**Predicate Act/Racketeering Act #8(a)**

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #8(a) accuses defendants Andrew Acosta and Pedro Martinez of conspiracy to commit first degree intentional homicide in the death of Angelique Morales.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was

31

AO 72A
(Rev.8/82)

a member of a conspiracy to commit the crime of first degree intentional homicide.

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

32

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 33**

**Predicate Act/Racketeering Act #8(b)**

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it.

Predicate Act/Racketeering Act #8(b) accuses defendant Andrew Acosta with being concerned in the commission of the crime of first degree intentional homicide in the death of Angelique Morales by directly committing it. This Act also accuses defendant Pedro Martinez with being concerned in the commission of the same crime by intentionally aiding and abetting Andrew Acosta. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)    assists the person who commits the crime, or

(b)    is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet first degree intentional homicide, a defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

33

AO 72A
(Rev.8/82)

However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find that a defendant committed first degree intentional homicide by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant intentionally aided and abetted the commission of that crime.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements of first degree intentional homicide were present.

The first element of this offense requires that Andrew Acosta caused the death of Angelique Morales.

Second, that Andrew Acosta intended to kill Angelique Morales.

The first element requires that the relation of cause and effect existed between the death of Angelique Morales and the act of Andrew Acosta . Before the relation of cause and effect can be found to exist, it must appear that Andrew Acosta's act was a substantial factor in producing the death.

The second element requires that Andrew Acosta acted with the intent to kill Angelique Morales. Under the Criminal Code, the phrase "intent to kill" means that Andrew Acosta had the mental purpose to take the life of another human being or was

34

AO 72A
(Rev.8/82)

aware that his conduct was practically certain to cause the death of another human being.

While the law requires that Andrew Acosta acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find that Andrew Acosta committed first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find Andrew Acosta committed first degree intentional homicide unless you are satisfied beyond a reasonable doubt that he intended to kill.

If you are satisfied beyond a reasonable doubt that Andrew Acosta caused the

35

AO 72A
(Rev.8/82)

death of Angelique Morales with the intent to kill, you should find that he committed first degree intentional homicide.

If you are not so satisfied, you must find that Andrew Acosta did not commit first degree intentional homicide.

If you are satisfied beyond a reasonable doubt that Pedro Martinez intentionally aided and abetted Andrew Acosta in the commission of first degree intentional homicide as that crime has been defined, you should find that Pedro Martinez committed first degree intentional homicide.

If you are not so satisfied, you must find that Pedro Martinez did not commit first degree intentional homicide.

36

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 34

### Predicate Act/Racketeering Act #8(c)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #8(c) accuses defendant Andrew Acosta of being concerned in the commission of the attempted first degree intentional homicide of Jennifer Brezynski by directly committing the crime. The same Act accuses defendant Pedro Martinez of being concerned in the commission of the same crime by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

37

AO 72A
(Rev.8/82)

However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find that a defendant committed attempted first degree intentional homicide by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that Andrew Acosta intended to kill Jennifer Brezynski or another human being.

The second element of this offense requires that Andrew Acosta did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed Jennifer Brezynski or another human being except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that Andrew Acosta had the mental purpose to take the life of another human being or was aware

38

AO 72A
(Rev.8/82)

that his conduct was practically certain to cause the death of another human being.

While the law requires that Andrew Acosta acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find Andrew Acosta committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of Andrew Acosta which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find Andrew Acosta committed attempted first degree intentional homicide unless you are satisfied beyond a reasonable doubt that Andrew Acosta intended to kill.

The second element of attempted first degree intentional homicide requires that Andrew Acosta's acts demonstrated unequivocally, under all the circumstances, that

AO 72A
(Rev.8/82)

he intended to kill Jennifer Brezynski or another human being and would have killed Jennifer Brezynski except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from Andrew Acosta's acts, under the circumstances.

"Another person" means anyone but Andrew Acosta and may include the intended victim.

An "extraneous factor" is something outside the knowledge of Andrew Acosta or outside of his control.

If you are satisfied beyond a reasonable doubt that Andrew Acosta intended to kill Jennifer Brezynski or another human being and his acts demonstrated unequivocally that he intended to kill Jennifer Brezynski or another human being and would have killed Jennifer Brezynski except for the intervention of another person or some extraneous factor, you should find that Andrew Acosta committed attempted first degree intentional homicide.

If you are not so satisfied, you must find that Andrew Acosta did not commit attempted first degree intentional homicide.

If you are satisfied beyond a reasonable doubt that Pedro Martinez intentionally aided and abetted Andrew Acosta in the commission of the crime of first degree attempted homicide, you should find that Pedro Martinez committed attempted first degree intentional homicide.

40

AO 72A
(Rev.8/82)

If you are not so satisfied, you must find that Pedro Martinez did not commit attempted first degree intentional homicide.

41

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 35

### Predicate Act/Racketeering Act #15

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #15 accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of Salvatore Canzonerri and Luis Caban, either directly or by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

42

AO 72A
(Rev.8/82)

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted first degree intentional homicide or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that the defendant or others intended to kill Salvatore Canzonerri or Luis Caban.

The second element of this offense requires that the defendant or others did acts which demonstrate unequivocally, under all of the circumstances, that he or they intended to and would have killed Salvatore Canzonerri or Luis Caban except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that the

43

AO 72A
(Rev.8/82)

defendant or others had the mental purpose to take the life of another human being or was aware that his or their conduct was practically certain to cause the death of another human being.

While the law requires that the defendant or others acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant or others committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant or others which indicate his or their state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant or others committed attempted first degree intentional homicide unless you are satisfied beyond a reasonable doubt that the defendant or others intended to kill.

44

AO 72A
(Rev.8/82)

The second element of attempted first degree intentional homicide requires that the defendant's or others' acts demonstrated unequivocally, under all the circumstances, that he or they intended to kill and would have killed Salvatore Canzonerri or Luis Caban except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant's or others' acts, under the circumstances.

"Another person" means anyone but the defendant or others accused in this Act and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant or others or outside of his or their control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

45

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 36

### Predicate Act/Racketeering Act #16(a)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #16(a) accuses defendant Wilfredo Vasquez of conspiracy to commit first degree intentional homicide of Helberto Chavez and Javier Deluna.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

46

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

47

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 37**

**Predicate Act/Racketeering Act #16(b)**

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #16(b) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of Helberto Chavez and Javier Deluna, either directly or by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

    (a)    assists the person who commits the crime, or

    (b)    is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

48

AO 72A
(Rev.8/82)

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted first degree intentional homicide or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that the defendant, Brian Turner, or Mariano Gonzales intended to kill Helberto Chavez or Javier Deluna.

The second element of this offense requires that the defendant, Brian Turner, or Mariano Gonzales did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed Helberto Chavez or Javier Deluna except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that the

49

AO 72A
(Rev.8/82)

defendant, Brian Turner, or Mariano Gonzales had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant, Brian Turner, or Mariano Gonzales acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant, Brian Turner, or Mariano Gonzales committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant, Brian Turner, or Mariano Gonzales which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant, Brian Turner, or Mariano Gonzales committed attempted first degree intentional homicide unless you are satisfied beyond

50

AO 72A
(Rev.8/82)

a reasonable doubt that the defendant, Brian Turner, or Mariano Gonzales intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant, Brian Turner, or Mariano Gonzales's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed Helberto Chavez or Javier Deluna except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant, Brian Turner, or Mariano Gonzales's acts, under the circumstances.

"Another person" means anyone but the defendant, Brian Turner, or Mariano Gonzales and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant, Brian Turner, or Mariano Gonzales or outside of his control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

51

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 38

### Predicate Act/Racketeering Act #18(a)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #18(a) accuses defendant Wilfredo Vasquez with conspiracy to commit first degree intentional homicide of James Wilson.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

52

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

53

AO 72A
(Rev.8/82)

### Predicate Act/Racketeering Act #18(b)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #18(b) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of James Wilson, either directly or by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

54

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted first degree intentional homicide or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that the defendant, Antonio Rivera, or Benjamin Drews intended to kill James Wilson.

The second element of this offense requires that the defendant, Antonio Rivera, or Benjamin Drews did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed James Wilson except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that the

55

AO 72A
(Rev.8/82)

defendant, Antonio Rivera, or Benjamin Drews had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant, Antonio Rivera, or Benjamin Drews acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant, Antonio Rivera, or Benjamin Drews committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant, Antonio Rivera, or Benjamin Drews which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant, Antonio Rivera, or Benjamin Drews committed attempted first degree intentional homicide unless you are satisfied beyond

56

AO 72A
(Rev.8/82)

a reasonable doubt that the defendant, Antonio Rivera, or Benjamin Drews intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant, Antonio Rivera, or Benjamin Drews's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed James Wilson except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant, Antonio Rivera, or Benjamin Drews's acts, under the circumstances.

"Another person" means anyone but the defendant, Antonio Rivera, or Benjamin Drews and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant, Antonio Rivera, or Benjamin Drews or outside of his control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

57

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 40

### Predicate Act/Racketeering Act #23

Predicate Act/Racketeering Act #23 accuses defendant Wilfredo Vasquez of the attempted first degree intentional homicide of Jose Zamora.

The offense of attempt, as defined in § 939.32 of the Criminal Code of Wisconsin, is committed by one who, with intent to perform acts and attain a result which, if accomplished, would constitute a crime, does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he had formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

Before you may find that a defendant committed attempted first degree intentional homicide, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant intended to kill Jose Zamora.

Second, that the defendant's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed Jose Zamora except for the intervention of another person or some other extraneous factor.

The first element requires that the defendant acted with intent to kill Jose Zamora.

Under the Criminal Code, the phrase "with intent to kill" means that the defendant had the mental purpose to take the life of another human being or was aware

58

AO 72A
(Rev.8/82)

that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant committed attempted first degree intentional homicide unless you are satisfied beyond a reasonable doubt that the defendant intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant's acts demonstrated unequivocally, under all the circumstances, that he

59

AO 72A
(Rev.8/82)

intended to kill and would have killed Jose Zamora except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant's acts, under the circumstances.

"Another person" means anyone but the defendant and may include Jose Zamora.

An "extraneous factor" is something outside the knowledge of the defendant or outside of his control.

If you are satisfied beyond a reasonable doubt that the defendant intended to kill Jose Zamora and his acts demonstrated unequivocally that he intended to kill and would have killed Jose Zamora except for the intervention of another person or some extraneous factor, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

60

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 41

### Predicate Act/Racketeering Act #24(a)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #24(a) accuses defendant Wilfredo Vasquez with conspiracy to commit first degree intentional homicide of Hector Saez and Edwardo Saez.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

61

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

62

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 42

### Predicate Act/Racketeering Act #24(b)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #24(b) accuses defendant Wilfredo Vasquez with the attempted first degree intentional homicide of Hector Saez and Edwardo Saez, either directly or by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

63

AO 72A
(Rev.8/82)

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted first degree intentional homicide or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that the defendant, Jorge Espada, or another intended to kill Hector Saez or Edwardo Saez.

The second element of this offense requires that the defendant, Jorge Espada, or another did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed Hector Saez or Edwardo Saez except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that the

64

AO 72A
(Rev.8/82)

defendant, Jorge Espada, or another had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant, Jorge Espada, or the other person acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant, Jorge Espada, or the other person committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant, Jorge Espada, or the other person which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant, Jorge Espada, or the other person committed attempted first degree intentional homicide unless you are satisfied beyond

65

AO 72A
(Rev.8/82)

a reasonable doubt that the defendant, Jorge Espada, or the other person intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant, Jorge Espada, or the other person's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed Hector Saez or Edwardo Saez except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant, Jorge Espada, or the other person's acts, under the circumstances.

"Another person" means anyone but the defendant, Jorge Espada, or the other person and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant, Jorge Espada, or the other person or outside of his or their control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

66

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 43

### Predicate Act/Racketeering Act #26(a)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #26(a) accuses defendant Wilfredo Vasquez with conspiracy to commit first degree intentional homicide of David Gutierrez.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

67

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

68

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 44

### Predicate Act/Racketeering Act #26(b)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #26(b) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of David Gutierrez, either directly or by aiding and abetting. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)   assists the person who commits the crime, or

(b)   is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

69

AO 72A
(Rev.8/82)

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide, either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted first degree intentional homicide, or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller intended to kill David Gutierrez.

The second element of this offense requires that the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed David Gutierrez except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that the

70

AO 72A
(Rev.8/82)

defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller committed attempted first degree intentional

71

AO 72A
(Rev.8/82)

homicide unless you are satisfied beyond a reasonable doubt that the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed David Gutierrez except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller's acts, under the circumstances.

"Another person" means anyone but the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant, Douglas Beyreis, Manuel Cucuta, or Jordan Mueller or outside of his control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

72

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 45

### Predicate Act/Racketeering Act #30

Predicate Act/Racketeering Act #30 accuses defendant Andrew Acosta of possessing with intent to distribute approximately 6.7 kilograms of marijuana.

To sustain the charge of possession of marijuana with intent to distribute, the government must prove the following propositions:

First, the defendant knowingly or intentionally possessed marijuana;

Second, the defendant possessed marijuana with the intent to deliver it to another person.

It does not matter whether the defendant knew the substance was marijuana. It is sufficient that the defendant knew that it was some kind of prohibited drug.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant committed the act of possession with intent to distribute marijuana.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant did not commit the act of possession with intent to distribute marijuana.

Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction and control over it, either directly or through others.

73

AO 72A
(Rev.8/82)

You are instructed that marijuana is a controlled substance.

74

## COURT'S INSTRUCTION NO. 46

### Predicate Act/Racketeering Act #33

Predicate Act/Racketeering Act #33 accuses defendant Wilfredo Vasquez of distributing approximately one pound of marijuana.

To sustain the charge of distributing marijuana, the government must prove the following propositions:

First, the defendant distributed marijuana;

Second, the defendant did so knowingly or intentionally; and,

Third, the defendant knew the substance was a controlled substance.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant committed the act of distributing marijuana.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant did not commit the act of distributing marijuana.

Distribution is the transfer of possession from one person to another.

It is sufficient that the defendant knew that the substance was some kind of prohibited drug. It does not matter whether the defendant knew that the substance was marijuana.

You are instructed that marijuana is a controlled substance.

75

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 47

### Predicate Act/Racketeering Act #38(a)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #38(a) accuses defendant Wilfredo Vasquez with conspiracy to commit first degree intentional homicide in Christopher Rivera's being shot at.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

76

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

77

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 48

### Predicate Act/Racketeering Act #38(b)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #38(b) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of Christopher Rivera, either directly or by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

78

AO 72A
(Rev.8/82)

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide either directly or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted first degree intentional homicide or that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller intended to kill Christopher Rivera.

The second element of this offense requires that the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed Christopher Rivera except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that the

79

AO 72A
(Rev.8/82)

defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller committed attempted first degree intentional homicide

80

AO 72A
(Rev.8/82)

unless you are satisfied beyond a reasonable doubt that the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed Christopher Rivera except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller's acts, under the circumstances.

"Another person" means anyone but the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant, Benjamin Drews, Craig Ninham, or Jordan Mueller or outside of his or their control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

81

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 49

### Predicate Act/Racketeering Act #39(a)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #39(a) accuses defendant Wilfredo Vasquez with conspiracy to commit first degree intentional homicide in Ruben Lechuga's being shot at.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

82

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

83

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 50**

**Predicate Act/Racketeering Act #39(b)**

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #39(b) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of Ruben Lechuga by aiding and abetting under Wisconsin law. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted first degree intentional homicide, the defendant must know that another person is committing or intends to commit the crime of first degree intentional homicide and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator,

84

innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed attempted first degree intentional homicide by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant intentionally aided and abetted the commission of that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that Jordan Mueller or Jorge Barragan intended to kill Ruben Lechuga.

The second element of this offense requires that Jordan Mueller or Jorge Barragan did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed Ruben Lechuga except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that Jordan Mueller or Jorge Barragan had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of

85

AO 72A
(Rev.8/82)

another human being.

While the law requires that Jordan Mueller, or Jorge Barragan acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find Jordan Mueller, or Jorge Barragan committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of Jordan Mueller or Jorge Barragan which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find Jordan Mueller or Jorge Barragan committed attempted first degree intentional homicide unless you are satisfied beyond a reasonable doubt that Jordan Mueller or Jorge Barragan intended to kill.

The second element of attempted first degree intentional homicide requires that

86

AO 72A
(Rev.8/82)

Jordan Mueller or Jorge Barragan acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed Ruben Lechuga except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from Jordan Mueller or Jorge Barragan's acts, under the circumstances.

"Another person" means anyone but Jordan Mueller or Jorge Barragan and may include the intended victim.

An "extraneous factor" is something outside the knowledge of Jordan Mueller or Jorge Barragan or outside of his or their control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted first degree intentional homicide as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

87

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 51**

**Predicate Act/Racketeering Act #43(a)**

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #43(a) accuses defendant Wilfredo Vasquez of conpsiracy to commit first degree intentional homicide in the deaths of George Staninszewski and Francisco Correa and in John Thomas's being shot at.

Before you may find that the defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was

88

AO 72A
(Rev.8/82)

a member of a conspiracy to commit the crime of first degree intentional homicide.

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that the defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

89

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 52

### Predicate Act/Racketeering Act #43(b)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #43(b) accuses defendant Wilfredo Vasquez of being concerned in the commission of first degree intentional homicide in the deaths of George Staninszewski and Francisco Correa, by advising, hiring, counseling, or otherwise procuring another to commit that crime. If a person advises, hires, counsels, or otherwise procures another to commit it, then that person is guilty of the crime as well as the person who directly committed it.

Before you may find the defendant committed first degree intentional homicide by advising, hiring, counseling, or otherwise procuring another to commit that crime, you must be satisfied beyond a reasonable doubt that first degree intentional homicide was committed and that the defendant advised, hired, counseled, or otherwise procured another to commit that crime.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements of first degree intentional homicide

90

AO 72A
(Rev.8/82)

were present.  You must unanimously find that both elements are present as to George Staninszewski; or you must unanimously find that both elements are present as to Francisco Correa.

First, that Brian Turner, Jordan Mueller, or Benjamin Drews caused the death of the victim.

Second, that Brian Turner, Jordan Mueller, or Benjamin Drews intended to kill the victim.

The first element requires that the relation of cause and effect existed between the death of the victim and the act of Brian Turner, Jordan Mueller, or Benjamin Drews. Before the relation of cause and effect can be found to exist, it must appear that Brian Turner, Jordan Mueller, or Benjamin Drews's act was a substantial factor in producing the death.

The second element requires that Brian Turner, Jordan Mueller, or Benjamin Drews  acted with the intent to kill the victim.  Under the Criminal Code, the phrase "intent to kill" means that Brian Turner, Jordan Mueller, or Benjamin Drews had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that Brian Turner, Jordan Mueller, or Benjamin Drews acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute.  There need not be any

91

AO 72A
(Rev.8/82)

appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find Brian Turner, Jordan Mueller, or Benjamin Drews committed first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of Brian Turner, Jordan Mueller, or Benjamin Drews which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find Brian Turner, Jordan Mueller, or Benjamin Drews committed first degree intentional homicide unless you are satisfied beyond a reasonable doubt that Brian Turner, Jordan Mueller, or Benjamin Drews intended to kill.

If you are satisfied beyond a reasonable doubt from the evidence in this case that Brian Turner, Jordan Mueller, or Benjamin Drews caused the death of George Staninszewski or Francisco Correa with the intent to kill, and that the defendant advised, hired, counseled, or otherwise procured Brian Turner, Jordan Mueller, or Benjamin Drews to commit that crime, you should find the defendant committed first degree intentional homicide.

92

AO 72A
(Rev.8/82)

If you are not so satisfied, you must find the defendant did not commit first degree intentional homicide.

93

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 53

### Predicate Act/Racketeering Act #43(c)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #43(c) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted first degree intentional homicide of John Thomas by advising, hiring, counseling, or otherwise procuring another to commit that crime. If a person advises, hires, counsels, or otherwise procures another to commit it, then that person is guilty of the crime as well as the person who directly committed it.

Before you may find the defendant committed attempted first degree intentional homicide by advising, hiring, counseling, or otherwise procuring another to commit that crime; you must be satisfied beyond a reasonable doubt that attempted first degree intentional homicide was committed and that the defendant advised, hired, counseled, or otherwise procured another to commit that crime.

The offense of attempted first degree intentional homicide, as defined in § 939.32 and § 940.01 of the Criminal Code of Wisconsin, is committed by one who, with intent to commit first degree intentional homicide, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

94

AO 72A
(Rev.8/82)

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

The first element of this offense requires that Brian Turner, Jordan Mueller, or Benjamin Drews intended to kill John Thomas.

The second element of this offense requires that Brian Turner, Jordan Mueller, or Benjamin Drews did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have killed John Thomas except for the intervention of another person or some other extraneous factor.

Under the Criminal Code, the phrase "with intent to kill" means that Brian Turner, Jordan Mueller, or Benjamin Drews had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

While the law requires that Brian Turner, Jordan Mueller, or Benjamin Drews acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

95

AO 72A
(Rev.8/82)

Intent to kill must be found as a fact before you can find Brian Turner, Jordan Mueller, or Benjamin Drews committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of Brian Turner, Jordan Mueller, or Benjamin Drews which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find Brian Turner, Jordan Mueller, or Benjamin Drews committed attempted first degree intentional homicide unless you are satisfied beyond a reasonable doubt that Brian Turner, Jordan Mueller, or Benjamin Drews intended to kill.

The second element of attempted first degree intentional homicide requires that Brian Turner, Jordan Mueller, or Benjamin Drews's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed John Thomas except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from Brian Turner, Jordan Mueller, or Benjamin Drews's acts, under the circumstances.

"Another person" means anyone but Brian Turner, Jordan Mueller, or Benjamin Drews and may include the intended victim.

An "extraneous factor" is something outside the knowledge of Brian Turner,

96

AO 72A
(Rev.8/82)

Jordan Mueller, or Benjamin Drews or outside of his or their control.

If you are satisfied beyond a reasonable doubt from the evidence in this case that Brian Turner, Jordan Mueller, or Benjamin Drews intended to kill John Thomas and his acts demonstrated unequivocally that he intended to kill and would have killed John Thomas except for the intervention of another person or some extraneous factor, and that the defendant advised, hired, counseled, or otherwise procured Brian Turner, Jordan Mueller, or Benjamin Drews to commit that crime, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 54

### Predicate Act/Racketeering Act #45(a)

Predicate Act/Racketeering Act #45(a) accuses defendant Wilfredo Vasquez of the attempted first degree intentional homicide of Eric Caraballo.

The offense of attempt, as defined in § 939.32 of the Criminal Code of Wisconsin, is committed by one who, with intent to perform acts and attain a result which, if accomplished, would constitute a crime, does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he had formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

Before you may find that a defendant committed attempted first degree intentional homicide, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant intended to kill Eric Caraballo.

Second, that the defendant's acts demonstrated unequivocally, under all the circumstances, that he intended to kill and would have killed Eric Caraballo except for the intervention of another person or some other extraneous factor.

The first element requires that the defendant acted with intent to kill Eric Caraballo.

Under the Criminal Code, the phrase "with intent to kill" means that the defendant had the mental purpose to take the life of another human being or was aware

98

AO 72A
(Rev.8/82)

that his conduct was practically certain to cause the death of another human being.

While the law requires that the defendant acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant committed attempted first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant committed attempted first degree intentional homicide unless you are satisfied beyond a reasonable doubt that the defendant intended to kill.

The second element of attempted first degree intentional homicide requires that the defendant's acts demonstrated unequivocally, under all the circumstances, that he

99

AO 72A
(Rev.8/82)

intended to kill and would have killed Eric Caraballo except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant's acts, under the circumstances.

"Another person" means anyone but the defendant and may include Eric Caraballo. An "extraneous factor" is something outside the knowledge of the defendant or outside of his control.

If you are satisfied beyond a reasonable doubt that the defendant intended to kill Eric Caraballo and his acts demonstrated unequivocally that he intended to kill and would have killed Eric Caraballo except for the intervention of another person or some extraneous factor, you should find the defendant committed attempted first degree intentional homicide.

If you are not so satisfied, you must find the defendant did not commit attempted first degree intentional homicide.

100

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 55

### Predicate Act/Racketeering Act #45(b)

Predicate Act/Racketeering Act #45(b) accuses defendant Wilfredo Vasquez of the first degree intentional homicide of Daryl Davis.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another.

Before the defendant may be found to have committed first degree intentional homicide, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant caused the death of Daryl Davis.

Second, that the defendant intended to kill Daryl Davis or another human being.

The first element requires that the relation of cause and effect existed between the death of Daryl Davis and the act of the defendant. Before the relation of cause and effect can be found to exist, it must appear that the defendant's act was a substantial factor in producing the death.

The second element requires that the defendant acted with the intent to kill Daryl Davis or another human being. Under the Criminal Code, the phrase "intent to kill" means that the defendant had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

101

AO 72A
(Rev.8/82)

While the law requires that the defendant acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant committed first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant committed first degree intentional homicide unless you are satisfied beyond a reasonable doubt that the defendant intended to kill.

If you are satisfied beyond a reasonable doubt that the defendant caused the death of Daryl Davis with the intent to kill Daryl Davis or another human being, you should find the defendant committed first degree intentional homicide.

102

AO 72A
(Rev.8/82)

If you are not so satisfied, you should find the defendant did not commit first degree intentional homicide.

## COURT'S INSTRUCTION NO. 56

### Predicate Act/Racketeering Act #48(a)

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #48(a) accuses defendant Wilfredo Vasquez of being concerned in the commission of the attempted kidnapping of Benjamin Drews, either directly or by aiding and abetting. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet attempted kidnapping, the defendant must know that another person is committing or intends to commit the crime of kidnapping and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist the commission of a crime.

104

AO 72A
(Rev.8/82)

Before you may find the defendant committed attempted kidnapping, either directly, or by aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of attempted kidnapping; or that the defendant intentionally aided and abetted the commission of that crime.

The crime of attempted attempted kidnapping, as defined in § 939.32 and § 940.31(1)(a) of the Criminal Code of Wisconsin, is committed by one who, with intent to commit kidnapping, does acts toward the commission of that crime which demonstrate unequivocally, under all of the circumstances, that he had formed that intent and would have committed the crime except for the intervention of another person or some other extraneous factor.

The government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant, Brian Turner, or Raymond Mendoza intended to commit the crime of kidnapping.

Second, that the defendant, Brian Turner, or Raymond Mendoza did acts which demonstrate unequivocally, under all of the circumstances, that he intended to and would have committed the crime of kidnapping except for the intervention of another person or some other extraneous factor.

The first element requires that the defendant, Brian Turner, or Raymond Mendoza intended to commit the crime of kidnapping

The crime of kidnapping, as defined in § 940.31(1)(a) of the Criminal Code of

105

AO 72A
(Rev.8/82)

Wisconsin, is committed by one who, by force or threat of imminent force, carries another person from one place to another without his consent and with intent to cause him to be secretly confined or imprisoned. There are four elements to the offense of kidnapping. First, the person must transport the victim from one place to another. Second, the person must transport the victim without his consent. "Without consent," as used here, means that there was no consent in fact or that consent was given by the victim because of fear caused by the person's use of physical violence on him. Third, the person must transport the victim from one place to another forcibly. "Forcibly" means that the person actually used force to overcome or to prevent the victim's resistance to being transported.

Fourth, the person must transport the victim from one place to another with intent that the victim be secretly confined or secretly imprisoned. Intent to cause a person to be secretly confined or secretly imprisoned must be found as a fact before you can find a person committed kidnapping. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the person which indicate his state of mind. You may find intent from such statements or conduct, but you are not required to do so.

The act charged in this Predicate Act/Racketeering Act, however, is not kidnapping, as defined, but an attempt to commit the crime of kidnapping.

The second element of attempted kidnapping requires that the defendant, Brian

106

AO 72A
(Rev.8/82)

Turner, or Raymond Mendoza did acts toward the commission of the crime of kidnapping which demonstrate unequivocally, under all of the circumstances, that he intended to and would have committed the crime of kidnapping, except for the intervention of another person or some other extraneous factor.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant, Brian Turner, or Raymond Mendoza's acts, under the circumstances.

"Another person" means anyone but the defendant, Brian Turner, or Raymond Mendoza and may include the intended victim.

An "extraneous factor" is something outside the knowledge of the defendant, Brian Turner, or Raymond Mendoza or outside of his or their control.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of attempted kidnapping as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed attempted kidnapping.

If you are not so satisfied, you must find the defendant did not commit attempted kidnapping.

107

AO 72A
(Rev.8/82)

### Predicate Act/Racketeering Act #48(b)

The crime of conspiracy, as defined in § 939.31 of the Criminal Code of Wisconsin, is committed by one who, with intent that a crime be committed, agrees or combines with another for the purpose of committing such crime, if one or more of the parties to the conspiracy does an act to effect its object. Predicate Act/Racketeering Act #48(b) accuses defendant Wilfredo Vasquez of conspiracy to commit first degree intentional homicide of Benjamin Drews.

Before you may find that a defendant committed the crime of conspiracy, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another. Under the Criminal Code, the phrase "intent to kill" means that a person had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of the crime of conspiracy requires that the defendant was a member of a conspiracy to commit the crime of first degree intentional homicide.

108

AO 72A
(Rev.8/82)

A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime. A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement, or that they had a meeting, or even that they all knew each other. As long as the parties agreed or combined by their words or actions, and the defendant intended that the agreement be carried out, it is not necessary that the other person intended to carry out the agreement.

The third element of the crime of conspiracy requires that one or more of the conspirators performed an act toward the commission of the intended crime that went beyond mere planning and agreement. However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. If there was an act which was a step toward accomplishing the criminal objective, that is sufficient.

If you are satisfied beyond a reasonable doubt that a defendant intended that the crime of first degree intentional homicide be committed, that the defendant was a member of a conspiracy to commit that crime, and that a member of the conspiracy performed an act toward the commission of that crime, you should find the defendant committed conspiracy.

If you are not so satisfied, you must find the defendant did not commit conspiracy.

109

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 58

### Predicate Act/Racketeering Act #59

Predicate Act/Racketeering Act #59 accuses defendant Antonio Mendez of witness tampering by attempting to corruptly persuade Joel Castillo.

Before you may find the defendant committed witness tampering by attempted corrupt persuasion, the government must prove by evidence which satisfies you beyond a reasonable doubt that the two following elements were present:

First, the defendant knowingly attempted to corruptly persuade Joel Castillo.

Second, the defendant did so with the intent to influence, delay, or prevent the testimony of Joel Castillo in an official proceeding.

To have attempted to corruptly persuade, the defendant must have acted with the purpose of wrongfully impeding the testimony of Joel Castillo.

For purposes of this offense, the term "official proceeding" means a proceeding before a United States court or a Federal grand jury. A proceeding before a state court or state grand jury does not satisfy this requirement. However, the defendant need not know at the time of the offense that the official proceeding would be before a United States court or a Federal grand jury. In addition, the official proceeding need not be pending or about to be instituted at the time of the offense.

To act with the "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade his testimony in some way.

110

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 59

### Predicate Act/Racketeering Act #61

Predicate Act/Racketeering Act #61 accuses three defendants – Andrew Acosta, Pedro Martinez, and Wilfredo Vasquez – of conspiring with each other and with others to distribute controlled substances, including cocaine, cocaine base and marijuana.

### Conspiracy

Under Title 21, section 846 of the United States Code, a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Predicate Act/Racketeering Act #61 existed, and

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

A conspiracy may be established even if its purpose was not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning

111

AO 72A
(Rev.8/82)

or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. In determining what that defendant did or said, you may consider that defendant's own words or acts. You may also consider the words or acts of other persons to decide what that defendant did or said, and you may use them to help you understand what that defendant did or said.

### Buyer-Seller Relationship

The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell controlled substances. The fact that a defendant may have bought controlled substances from another person or sold controlled substances to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy.

In considering whether a conspiracy or a simple buyer-seller relationship existed,

112

AO 72A
(Rev.8/82)

you should consider all of the evidence, including the following factors:

    (1)    Whether the transaction involved large quantities of controlled substances;

    (2)    Whether the parties had a standardized way of doing business over time;

    (3)    Whether the sales were on credit or on consignment;

    (4)    Whether the parties had a continuing relationship;

    (5)    Whether the seller had a financial stake in a resale by the buyer;

    (6)    Whether the parties had an understanding that the controlled substances would be resold.

No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship.

### Mere Association

A defendant's association with conspirators is not by itself sufficient to prove his participation or membership in a conspiracy.

### Distribution of a Controlled Substance

To sustain the charge of distributing cocaine, cocaine base, or marijuana, the government must prove the following propositions:

First, a conspirator distributed cocaine, cocaine base, or marijuana;

Second, the conspirator did so knowingly or intentionally; and,

Third, the conspirator knew the substance was a controlled substance.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the

113

AO 72A
(Rev.8/82)

conspirator committed the act of distributing cocaine, cocaine base, or marijuana.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the conspirator did not commit the act of distributing cocaine, cocaine base, or marijuana.

Distribution is the transfer of possession from one person to another.

It is sufficient that the conspirator knew that the substance was some kind of prohibited drug. It does not matter whether the conspirator knew that the substance was cocaine, cocaine base, or marijuana.

You are instructed that cocaine, cocaine base, and marijuana are controlled substances.

114

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 60**

**Predicate Act/Racketeering Act #63**

Section 939.05 of the Criminal Code of Wisconsin provides that whoever is concerned in the commission of a crime may be charged with and convicted of the commission of the crime although he did not directly commit it. Predicate Act/Racketeering Act #63 accuses defendant Wilfredo Vasquez of being concerned in the commission of the kidnapping of Scott Belhumeur, either directly or by aiding and abetting. If a person intentionally aids and abets the commission of a crime, then that person is guilty of the crime as well as the person who directly committed it.

A person intentionally aids and abets the commission of a crime when, acting with knowledge or belief that another person is committing or intends to commit a crime, he knowingly either:

(a)     assists the person who commits the crime, or

(b)     is ready and willing to assist and the person who commits the crime knows of the willingness to assist.

To intentionally aid and abet kidnapping, the defendant must know that another person is committing or intends to commit the crime of kidnapping and have the purpose to assist the commission of that crime.

However, a person does not aid and abet if he is only a bystander or spectator, innocent of any unlawful intent, and does nothing to assist the commission of a crime.

Before you may find the defendant committed kidnapping, either directly, or by

115

AO 72A
(Rev.8/82)

aiding and abetting, you must be satisfied beyond a reasonable doubt that the defendant committed the crime of kidnapping, or that the defendant intentionally aided and abetted the commission of that crime.

Kidnapping, as defined in § 940.31(1)(a) of the Criminal Code of Wisconsin, is committed by one who, by force or threat of imminent force, carries another person from one place to another without his consent and with intent to cause him to be secretly confined or imprisoned.

Before you may find the defendant, Raymond Rivera, Mark Turner, or Thomas Overland committed kidnapping, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following four elements were present.

The first element of kidnapping requires that the defendant, Raymond Rivera, Mark Turner, or Thomas Overland transported Scott Belhumeur from one place to another.

The second element of kidnapping requires that the defendant, Raymond Rivera, Mark Turner, or Thomas Overland transported Scott Belhumeur without his consent.

"Without consent," as used here, means that there was no consent in fact or that consent was given by Scott Belhumeur because of fear caused by the defendant, Raymond Rivera, Mark Turner, or Thomas Overland's use of physical violence on him.

The third element of kidnapping requires that the defendant, Raymond Rivera, Mark Turner, or Thomas Overland transported Scott Belhumeur from one place to another forcibly. "Forcibly" means that the defendant, Raymond Rivera, Mark Turner,

116

AO 72A
(Rev.8/82)

or Thomas Overland actually used force to overcome or to prevent Scott Belhumeur's resistance to being transported.

The fourth element of kidnapping requires that the defendant, Raymond Rivera, Mark Turner, or Thomas Overland transported Scott Belhumeur from one place to another with intent that he be secretly confined or secretly imprisoned.

Intent to cause a person to be secretly confined or secretly imprisoned must be found as a fact before you can find the defendant, Raymond Rivera, Mark Turner, or Thomas Overland committed kidnapping. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant, Raymond Rivera, Mark Turner, or Thomas Overland which indicate his state of mind. You may find intent from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant, Raymond Rivera, Mark Turner, or Thomas Overland committed kidnapping unless you are satisfied beyond a reasonable doubt that the defendant, Raymond Rivera, Mark Turner, or Thomas Overland transported the victim with intent to cause him to be secretly confined or secretly imprisoned.

If you are satisfied beyond a reasonable doubt that the defendant committed all the elements of kidnapping as that crime has been defined, or that he intentionally aided and abetted the commission of that crime, you should find the defendant committed kidnapping.

117

AO 72A
(Rev.8/82)

If you are not so satisfied, you must find the defendant did not commit kidnapping.

118

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 61

### Predicate Act/Racketeering Act #67(a)

The crime of solicitation, as defined in § 939.30 of the Criminal Code of Wisconsin, is committed by one who, with intent that a felony be committed, advises another to commit that crime under circumstances that indicate unequivocally that he has that intent.

Predicate Act/Racketeering Act #67(a) charges defendant Pedro Martinez with advising that the crime of first degree intentional homicide be committed against Javier Salgado. First degree intentional homicide is a felony.

Before you may find that a defendant committed solicitation, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant intended that the crime of first degree intentional homicide be committed.

Second, that the defendant advised another person to commit the crime of first degree intentional homicide and did so under circumstances that indicate, unequivocally, that the defendant intended that first degree intentional homicide be committed.

The first element requires that the defendant intended that the crime of first degree intentional homicide be committed.

First degree intentional homicide, as defined in § 940.01 of the Criminal Code

119

AO 72A
(Rev.8/82)

of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another.

Under the Criminal Code, the phrase "intent to kill" means that the defendant had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

The second element of solicitation requires that the defendant advised another person, by the use of words or other expressions, to commit the crime of first degree intentional homicide and did so under circumstances that indicated, unequivocally, that the defendant intended that first degree intentional homicide be committed.

"Unequivocally" means that no other inference or conclusion can reasonably and fairly be drawn from the defendant's acts.

If you are satisfied beyond a reasonable doubt that the defendant, with intent that the crime of first degree intentional homicide be committed, advised another person to commit that crime under circumstances that indicate, unequivocally, that he had such intent, you should find the defendant committed solicitation.

If you are not so satisfied, you must find the defendant did not commit solicitation.

120

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 62**

**Predicate Act/Racketeering Act #67(b)**

Predicate Act/Racketeering Act #67(b) accuses defendant Pedro Martinez of witness tampering in <u>United States v. Andrew Acosta, et al.</u>, Case No. 98-CR-104 by counseling David Lozano to intimidate or threaten Javier Salgado to influence, delay, or prevent Javier Salgado's testimony in an official proceeding. Under Title 18, Section 2 of the United States Code, any person who knowingly counsels the commission of an offense may be found guilty of that offense.

Before you may find the defendant committed witness tampering by counseling, the government must prove by evidence which satisfies you beyond a reasonable doubt that the two following elements were present:

First, the defendant knowingly counseled the use of intimidation or threats against Javier Salgado.

Second, the defendant did so with the intent to influence, delay, or prevent the testimony of Javier Salgado in an official proceeding.

To counsel the use of intimidation or threats means to counsel another person intentionally to say or do something that would cause a person of ordinary sensibilities to be fearful of harm to himself or another.

For purposes of this offense, the term "official proceeding" means a proceeding before a United States court or a Federal grand jury. A proceeding before a state court or state grand jury does not satisfy this requirement. However, the defendant need not

121

AO 72A
(Rev.8/82)

have known at the time of the offense that the official proceeding would be before a United States court or a Federal grand jury. In addition, the official proceeding need not be pending or about to be instituted at the time of the offense.

You are instructed that <u>United States v. Andrew Acosta, et al.</u>, Case No. 98-CR-104, is an official proceeding.

To act with the "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade his testimony in some way. It is not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

122

AO 72A
(Rev.8/82)

**\*\*COUNT TWO\*\***: **INSTRUCTIONS 63 TO 69**

## COURT'S INSTRUCTION NO. 63

### 18 U.S.C. § 1962(d)

### (RACKETEERING CONSPIRACY - ELEMENTS)

Count Two alleges that the defendants conspired to violate the substantive racketeering laws in 18 U.S.C. § 1962(c). To prove a defendant guilty of conspiracy to commit racketeering, as charged in Count Two, the government must prove the following propositions:

First, that the defendant knowingly conspired to conduct or participate in the conduct of the affairs of the Almighty Latin King Nation, Milwaukee Chapter, an enterprise, through a pattern of racketeering activity as described in Count Two;

Second, that the Almighty Latin King Nation, Milwaukee Chapter was an enterprise; and

Third, that the activities of the Almighty Latin King Nation, Milwaukee Chapter would affect interstate commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty of Count Two.

123

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 64**

## CONSPIRACY TO CONDUCT OR PARTICIPATE IN THE CONDUCT OF THE AFFAIRS OF AN ENTERPRISE

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy to conduct or participate in the conduct of the affairs of an enterprise, the government must prove:

First, that the conspiracy as charged in Count Two existed;

Second, that the defendant knowingly became a member of the conspiracy;

Third, that the defendant knowingly agreed personally to perform services of a kind which would facilitate the activities of those operating the enterprise in an illegal manner; and

Fourth, that the defendant knowingly agreed that some members of the conspiracy would commit at least two acts of racketeering as described in Count One.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find that the defendant knowingly conspired to conduct or participate in the conduct of the affairs of the enterprise.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant did not knowingly conspire to conduct or participate in the conduct of the affairs of the enterprise.

124

AO 72A
(Rev.8/82)

A conspiracy may be established even if its purpose was not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. In determining what that defendant did or said, you may consider that defendant's own words or acts. You may also consider the words or acts of other persons to decide what that defendant did or said, and you may use them to help you understand what that defendant did or said.

### COURT'S INSTRUCTION NO. 65

### MERE ASSOCIATION

A defendant's association with conspirators or persons involved in a criminal enterprise is not by itself sufficient to prove his participation or membership in a conspiracy criminal enterprise.

125

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 66

## 18 U.S.C. § 1962(d)

## (PATTERN REQUIREMENT - RACKETEERING CONSPIRACY)

As previously stated, before you may find a defendant guilty of Count Two, you must find (among other elements) that the defendant agreed that some members of the conspiracy would commit at least two acts of racketeering. You must find beyond a reasonable doubt that the acts that the defendant agreed would be committed formed a pattern.

Acts form a "pattern" if they were in some way related to each other and there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count Two, the government does not have to prove that any racketeering acts were actually committed at all, or that a defendant agreed to personally commit any such acts, or that a defendant agreed that two or more specific acts would be committed.

126

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 67**

**18 U.S.C. § 1961(4)**

**(ENTERPRISE - ASSOCIATION IN FACT)**

The term "enterprise" can include a group of people associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you should consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

127

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 68**

**18 U.S.C. § 1962(c&d)**

**(ASSOCIATE - DEFINITION)**

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout the enterprise's entire existence.

**COURT'S INSTRUCTION NO. 69**

**18 U.S.C. § 1962**

**(INTERSTATE COMMERCE - DEFINITION)**

Interstate commerce includes the movement of money, goods, services or persons from one state to another or between another country and the United States. This would include the purchase or sale of goods or supplies from outside the state in which the enterprise was located. If you find that beyond a reasonable doubt that the actions of the Almighty Latin King Nation, Milwaukee Chapter affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the Almighty Latin King Nation, Milwaukee

128

AO 72A
(Rev.8/82)

Chapter as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

129

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 70**

Count Three accuses four defendants – Andrew Acosta, Pedro Martinez, Larry Olson, and Wilfredo Vasquez – of conspiring with each other and with others to distribute controlled substances, including cocaine, cocaine base and marijuana.

130

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 71

## DRUG CONSPIRACY

Under Title 21, section 846 of the United States Code, a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy to distribute controlled substances, including cocaine, cocaine base, and marijuana, as charged in Count Three existed, and

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

A conspiracy may be established even if its purpose was not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant in the drug conspiracy.

131

AO 72A
(Rev.8/82)

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. In determining what that defendant did or said, you may consider that defendant's own words or acts. You may also consider the words or acts of other persons to decide what that defendant did or said, and you may use them to help you understand what that defendant did or said.

132

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 139 of 160   Document 1889

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 72

## BUYER-SELLER RELATIONSHIP

The existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell controlled substances. The fact that a defendant may have bought controlled substances from another person or sold controlled substances to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy.

In considering whether a conspiracy or a simple buyer-seller relationship existed, you should consider all of the evidence, including the following factors:

(1)     Whether the transaction involved large quantities of controlled substances;

(2)     Whether the parties had a standardized way of doing business over time;

(3)     Whether the sales were on credit or on consignment;

(4)     Whether the parties had a continuing relationship;

(5)     Whether the seller had a financial stake in a resale by the buyer;

(6)     Whether the parties had an understanding that the controlled substances would be resold.

No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship.

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 140 of 160   Document 1889

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 73

### MERE ASSOCIATION

A defendant's association with conspirators or persons involved in a criminal enterprise is not by itself sufficient to prove his participation or membership in a conspiracy criminal enterprise.

134

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 74**

**21 U.S.C. § 841(a)(1)**

**(DISTRIBUTION OF A CONTROLLED SUBSTANCE--ELEMENTS)**

To sustain a charge of distributing cocaine, cocaine base or marijuana, the government must prove the following three propositions:

First, a conspirator distributed cocaine, cocaine base or marijuana;

Second, the conspirator did so knowingly or intentionally; and,

Third, the conspirator knew the substance was a controlled substance.

Distribution is the transfer of possession from one person to another.

It is sufficient that the conspirator knew that the substance was some kind of prohibited drug. It does not matter whether the conspirator knew that the substance was the stated controlled substance.

You are instructed that cocaine, cocaine base, and marijuana are controlled substances.

135

AO 72A
(Rev.8/82)

## **COUNT FOUR**

### COURT'S INSTRUCTION NO. 75

### 18 U.S.C. § 1959(a)(1), (a)(2)

Count Four accuses defendant Antonio Mendez with the murder of Jenna Gonzales in violation of Wisconsin law for the purpose of maintaining or increasing position in the Almighty Latin King Nation, Milwaukee Chapter. Count Four further claims that this is an enterprise engaged in racketeering activity.

To sustain this charge, the government must prove the following five elements beyond a reasonable doubt:

(1) that the Almighty Latin King Nation, Milwaukee Chapter, was an enterprise as defined in Instruction 22;

(2) that the enterprise engaged in one or more predicate acts/racketeering acts alleged in Predicate Acts/Racketeering Acts 4 through 67;

(3) that the defendant had a position in the enterprise;

(4) that the defendant murdered Jenna Gonzales in violation of Wisconsin law; and

(5) that the defendant's general purpose in so doing was to maintain or increase his position in the Almighty Latin King Nation, Milwaukee Chapter.

The government is not required to prove that maintaining or increasing position in the Almighty Latin King Nation, Milwaukee Chapter was the defendant's sole

136

AO 72A
(Rev.8/82)

purpose.

Regarding the fourth element, to determine whether the defendant murdered Jenna Gonzales in violation of Wisconsin law, you must determine whether the defendant committed first degree intentional homicide as defined by Wisconsin law. First degree intentional homicide, as defined in § 940.01 of the Criminal Code of Wisconsin, is committed by one who causes the death of another human being with the intent to kill that person or another.

Before the defendant may be found to have committed first degree intentional homicide, the government must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

First, that the defendant caused the death of Jenna Gonzales.

Second, that the defendant intended to kill Jenna Gonzales.

The first element of first degree intentional homicide requires that the relation of cause and effect existed between the death of Jenna Gonzales and the act of the defendant. Before the relation of cause and effect can be found to exist, it must appear that the defendant's act was a substantial factor in producing the death.

The second element of first degree intentional homicide requires that the defendant acted with the intent to kill Jenna Gonzales. Under the Criminal Code, the phrase "intent to kill" means that the defendant had the mental purpose to take the life of another human being or was aware that his conduct was practically certain to cause the death of another human being.

137

AO 72A
(Rev.8/82)

While the law requires that the defendant acted with intent to kill, it does not require that the intent exist for any particular length of time before the act is committed or that the act be brooded over, considered, or reflected upon for a week, a day, an hour, or even for a minute. There need not be any appreciable time between the formation of the intent and the act. The intent to kill, which is an essential element of this offense, is no more or less than the mental purpose to kill or the awareness that the conduct was practically certain to cause the death of another, formed on the instant preceding the act or sometime before that and which continued to exist at the time of the act.

Intent to kill must be found as a fact before you can find the defendant committed first degree intentional homicide. You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense. You may consider any statements or conduct of the defendant which indicate his state of mind. You may find intent to kill from such statements or conduct, but you are not required to do so. You are the sole judges of the facts, and you must not find the defendant committed first degree intentional homicide unless you are satisfied beyond a reasonable doubt that the defendant intended to kill.

If you are satisfied beyond a reasonable doubt that the defendant caused the death of Jenna Gonzales with the intent to kill, you should find the fourth element of Count Four established.

138

AO 72A
(Rev.8/82)

If you are not so satisfied, you should find the defendant not guilty of Count Four.

139

AO 72A
(Rev.8/82)

## **COUNT EIGHT**

### COURT'S INSTRUCTION NO. 76

### 21 U.S.C. § 841(a)(1)

### (POSSESSION WITH INTENT TO DISTRIBUTE--ELEMENTS)

Count Eight accuses defendant Andrew Acosta of possessing approximately 6.7 kilograms of marijuana with intent to distribute.

To sustain the charge of possession of a controlled substance with intent to distribute, the government must prove the following propositions:

First, the defendant knowingly or intentionally possessed marijuana;

Second, the defendant possessed marijuana with the intent to deliver it to another person.

It does not matter whether the defendant knew the substance was marijuana. It is sufficient that the defendant knew that it was some kind of prohibited drug.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Eight.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Eight.

Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power

140

AO 72A
(Rev.8/82)

and intention to exercise direction and control over it, either directly or through others.

You are instructed that marijuana is a controlled substance.

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 148 of 160   Document 1889

AO 72A
(Rev.8/82)

## **COUNT TEN**

### COURT'S INSTRUCTION NO. 77

Count Ten accuses defendant Wilfredo Vasquez of distributing approximately one pound of marijuana.

To sustain the charge of distributing a controlled substance, the government must prove the following propositions:

First, the defendant distributed the stated controlled substance;

Second, the defendant did so knowingly or intentionally; and,

Third, the defendant knew the substance was a controlled substance.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant committed the act of distributing a controlled substance.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant did not commit the act of distributing a controlled substance.

Distribution is the transfer of possession from one person to another.

It is sufficient that the defendant knew that the substance was some kind of prohibited drug. It does not matter whether the defendant knew that the substance was the stated controlled substance.

You are instructed that marijuana is a controlled substance.

142

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 78

### "KNOWINGLY" - DEFINITION

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

## COURT'S INSTRUCTION NO. 79

### DATE OF CRIME CHARGED

The indictment charges that offenses were committed "on or about" particular dates. The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offense happened on the exact date.

## COURT'S INSTRUCTION NO. 80

### PUNISHMENT

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in arriving at an impartial verdict as to the guilt or innocence of the accused.

143

AO 72A
(Rev.8/82)

## COURT'S INSTRUCTION NO. 81

### SEPARATE CONSIDERATION FOR EACH DEFENDANT

Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant, leaving out of consideration any evidence that was admitted solely against some other defendant or defendants. Each defendant is entitled to have his case decided on the evidence and the law that applies to that defendant.

## COURT'S INSTRUCTION NO. 82

### THEORY OF DEFENSE WITH RESPECT TO COUNT ONE

Andrew Acosta contends that even if you find that he committed the act of first degree intentional homicide against Angelique Morales and/or the act of attempted first degree intentional homicide against Jennifer Burzynski, as charged in the sub-parts of Predicate Act/Racketeering Act #8, that he did not commit these acts as part of a pattern of racketeering activity or for the purposes of conducting or participating in the conduct of the affairs of the Almighty Latin King Nation, Milwaukee Chapter.

Acosta contends that if these acts were committed they had nothing to do with the conduct of affairs of the Almighty Latin King Nation, Milwaukee Chapter.

If you agree with Acosta's contention that the homicide of Angelique Morales and the attempted homicide of Jennifer Burzynski were not part of the affairs of the Almighty Latin King Nation, Milwaukee Chapter, you may not find that Predicate

144

AO 72A
(Rev.8/82)

Act/Racketeering Act #8 is one of the two predicate acts/racketeering acts needed to find Acosta guilty of Count One.

Antonio Mendez contends that while at various times alleged in the indictment, he was a member of the Almighty Latin King Nation, Milwaukee Chapter, this mere association does not make him guilty of any racketeering violation. Mendez contends that the evidence fails to prove beyond a reasonable doubt that he committed the predicate acts alleged against him in Count One. Further, Mendez contends that the evidence fails to prove beyond a reasonable doubt that the acts he allegedly committed involved or were related in any way to the operation or management of the Almighty Latin King Nation, Milwaukee Chapter, and that therefore, the evidence fails to prove that the acts were part of a pattern of racketeering. Finally, Mendez contends that the racketeering predicate acts alleged are not related and that there was no continuity between them.

After reviewing the evidence, if you find that Mendez's position as outlined above raises a reasonable doubt as to his guilt on this Count, then you must find Mendez not guilty as to this Count.

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 152 of 160   Document 1889

AO 72A
(Rev.8/82)

**COURT'S INSTRUCTION NO. 83**

**THEORY OF DEFENSE – PREDICATE ACT/RACKETEERING ACT #61, COUNT TWO,**

**AND COUNT THREE – MULTIPLE CONSPIRACIES**

With regard to each of Predicate Act/Racketeering Act #61, Count Two, and Count Three, the defendants contend that the government's evidence fails to prove the existence of a single overall conspiracy as charged in the indictment. Rather, the defendants argue that there were actually several separate and independent series of events involving various individuals and various goals, and that none of these series of events is within or is part of the overall agreements charged in this act or these counts of the indictment.

Whether there was one conspiracy, two conspiracies, multiple conspiracies, or no conspiracy at all is a fact for you to determine in accordance with these instructions. Keep in mind that separate agreements may form the basis for a single ongoing conspiracy if the parties to such agreements are joined by their knowledge of the conspiracy's common goals.

Therefore, if you find beyond a reasonable doubt that there was one overall conspiracy as alleged in Predicate Act/Racketeering Act #61, and that a particular defendant was a member of that conspiracy and became a member of that conspiracy with an intention to further it, then you should find Predicate Act/Racketeering Act #61 proven with regard to that defendant.

However, if you find that there were two or more conspiracies and that a

146

AO 72A
(Rev.8/82)

particular defendant was a member of one or more of those conspiracies, you may find that defendant guilty of Predicate Act/Racketeering Act #61 only if you further find, beyond a reasonable doubt, that this proven conspiracy was included within the conspiracy alleged in Predicate Act/Racketeering Act #61. If, on the other hand, the proven conspiracy is not included within the conspiracy alleged in Predicate Act/Racketeering Act #61, you must find Predicate Act/Racketeering Act #61 not proven with regard to that defendant.

Similarly, if you find beyond a reasonable doubt that there was one overall conspiracy as alleged in Count Two or Count Three, and that a particular defendant was a member of that conspiracy and became a member of that conspiracy with an intention to further it, then you should find that defendant guilty of Count Two or Count Three.

However, if you find that there were two or more conspiracies and that a particular defendant was a member of one or more of those conspiracies, you may find that defendant guilty of a particular count only if you further find, beyond a reasonable doubt, that this proven conspiracy was included within the conspiracy alleged in that count. If, on the other hand, the proven conspiracy is not included within the conspiracy alleged in that count, you must find the defendant not guilty of that count.

147

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 154 of 160   Document 1889

## COURT'S INSTRUCTION NO. 84

## THEORY OF DEFENSE WITH RESPECT TO COUNTS ONE, TWO AND FOUR –
## ENTERPRISE

The defendants contend that the government's evidence failed to prove, beyond a reasonable doubt, that the Almighty Latin King Nation, Milwaukee Chapter amounted to an "enterprise" under the instructions I have provided.

Rather, it is the defendants' position that the Almighty Latin King Nation, Milwaukee Chapter amounted to nothing more than a street gang which did not have the necessary ongoing organization or structure and which did not function as a continuing unit.

After reviewing the evidence, if the position outlined above raises a reasonable doubt in your mind as to the existence of an "enterprise," then you should find the defendants not guilty of Counts One, Two and Four.

## COURT'S INSTRUCTION NO. 85

## THEORY OF DEFENSE WITH RESPECT TO COUNT TWO

As to Count Two, Antonio Mendez contends that even if the evidence establishes that racketeering acts were committed by other members of the Almighty Latin King Nation, Milwaukee Chapter, the evidence does not prove beyond a reasonable doubt that Mendez agreed to the commission of these acts, or any other acts alleged to be part of the pattern of racketeering alleged in Count One.

148

AO 72A
(Rev.8/82)

After reviewing the evidence, if Mendez's position as outlined above raises a reasonable doubt as to his guilt on this Count, then you must find Mendez not guilty as to this Count.

## COURT'S INSTRUCTION NO. 86

### THEORY OF DEFENSE WITH RESPECT TO COUNT FOUR

As to Count Four, Antonio Mendez contends that the evidence fails to establish beyond a reasonable doubt that he murdered Jenna Gonzalez. Further, Mendez contends that the evidence fails to prove that the murder of Jenna Gonzalez was committed for the general purpose of maintaining or increasing his position in the Almighty Latin King Nation, Milwaukee Chapter.

After reviewing the evidence, if Mendez's position as outlined above raises a reasonable doubt as to his guilt on this Count, then you must find Mendez not guilty as to this Count.

Case 2:98-cr-00104-LA   Filed 12/04/00   Page 156 of 160   Document 1889

AO 72A
(Rev.8/82)

## III.  PROCEDURE FOR JURY DELIBERATION

### COURT'S INSTRUCTION NO. 87

### SELECTION OF FOREPERSON -- VERDICT FORMS

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Verdict forms have been prepared for you.

### [Verdict forms read.]

Take these forms to the jury room, and when you have reached unanimous agreement on each verdict, your foreperson will fill in, date and sign the appropriate forms.

In reaching your verdict on Count One, you must first determine whether the government has "proven" or "not proven" each of the predicate acts/racketeering acts alleged to have been committed by each of the defendants.

You are required to make these findings, both as to each defendant and as to each predicate act/racketeering act charged, regardless of whether you ultimately find a particular defendant "guilty" or "not guilty" of the substantive charge of racketeering alleged in Count One.

You should return a separate verdict as to each defendant and as to each predicate act/racketeering act.  Your verdict of "proven" or "not proven" as to one or

150

AO 72A
(Rev.8/82)

more predicate acts/racketeering acts should not affect your decision as to that defendant as to any other predicate act/racketeering act.

Each count of the indictment charges each defendant named in that count with having committed a separate offense.

You must give separate consideration, both as to each count and as to each defendant. Similarly, your verdict as to a particular defendant named in a particular count should not affect your decision as to any other defendant named in that count.

Your verdict of "guilty" or "not guilty" of an offense charged in one count should not control your decision as to that defendant charged in any other count.

Your verdict as to each defendant and as to each question and as to each predicate act/racketeering act and as to each count, whether they be "yes" or "no," "proven" or "not proven," "guilty" or "not guilty," must be unanimous.

## COURT'S INSTRUCTION NO. 88

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.

151

AO 72A
(Rev.8/82)

But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 89

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

## COURT'S INSTRUCTION NO. 90

## COMMUNICATION WITH OTHERS

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the

152

AO 72A
(Rev.8/82)

court — how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

## COURT'S INSTRUCTION NO. 91

### EXHIBITS

All of the exhibits that have been received into evidence and which the attorneys have agreed to will be provided to you during your deliberations upon your request.

153

AO 72A
(Rev.8/82)